**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

JAMES J. ROWE and
SHARON H. ROWE

Plaintiffs,

vs.

Case No.: 5:13-cv-21369
Judge: ________________

AURORA COMMERCIAL CORP., f/k/a/
AURORA LOAN SERVICES, INC., a Delaware
Corporation and NATIONSTAR
MORTGAGE, LLC, a Texas Limited Liability
Company,

Defendants.

**COMPLAINT**

For their Complaint against the defendants, the plaintiffs, James J. Rowe and Sharon H. Rowe, allege and state as follows:

1. This action is brought in response to actions by the defendants seeking to collect an unlawful debt arising out of misleading and predatory home loan disclosures. Specifically, the defendants Aurora Commercial Corp., f/k/a Aurora Loan Services, Inc., and Nationstar Mortgage, LLC, failed to provide a clear and conspicuous disclosure of all material terms related to the plaintiffs' mortgage loan. The plaintiffs bring this action to secure declaratory relief, rescission and money damages for violations of the Truth in Lending Act, § 15 U.S.C. 1601, *et seq*., in addition to violations of West Virginia law.

## PARTIES

2. The plaintiffs, James J. Rowe and Sharon H. Rowe, reside in the town of Lewisburg, Greenbrier County, West Virginia.

3. The defendant, Aurora Commercial Corp., f/k/a/ Aurora Loan Services, Inc., is a Delaware corporation with its principal offices located at 1271 Avenue of the Americas, New York, New York, and acted as a servicer and accepted payments for the plaintiffs' Adjustable Rate Note (See Adjustable Rate Note, Exhibit A) from August 12, 2005 (See August 12, 2005 First Payment Letter, Exhibit B) until plaintiffs were notified on July 15, 2012 that the account had transferred to another servicer (See July 15, 2012 correspondence, Exhibit C).

4. The defendant, Nationstar Mortgage, LLC, is a Texas limited liability company with its principal place of business at 350 Highland Dr., Lewisville, Texas 75067. Nationstar is the current servicer of the plaintiffs' Adjustable Rate Note, loan number 599615143, as of July 1, 2007 and is licensed to practice business in West Virginia.

## JURISDICTION AND VENUE

5. The jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. §§ 1332, 1337, inasmuch as the plaintiffs seek relief under the Truth in Lending Act, § 15 U.S.C. 1601, *et seq*., and Real Estate Settlement Procedures Act, § 12 U.S.C. 2601, *et seq.,* and pursuant to 28 U.S.C. § 1332 inasmuch as there is diversity between the plaintiffs and defendants.

6. This Court has supplemental jurisdiction over the plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

## FACTS

7. On or about August 12, 2005 the plaintiffs purchased real property located at 15 Governors Road in Hilton Head Island, Beaufort County, South Carolina.

8. To finance the purchase, the plaintiffs entered into an Adjustable Rate Note with TM Capital, Inc. (See Exhibit A).

9. The relevant terms of the Adjustable Rate Note provided that TM Capital, Inc., would lend the plaintiffs the sum of $626,250.00 toward the purchase of the home. The Adjustable Rate Note further provided that the plaintiffs would make monthly payments in the amount of $3,457.42 over the first five years of the 30 year promissory note. According to the loan documents, the initial payment reflects a 6.625% annual rate of interest.

10. The Adjustable Rate Note further provided that beginning in September of 2010 and every six months thereafter, the interest rate could change subject to the LIBOR 6 month index (as published by the Wall Street Journal also referred to throughout the Adjustable Rate Note as the "Current Index"). The Adjustable Rate Note further provided that "before each Change Date, the Note Holder will calculate" the interest rate by adding 2.25 percentage points to the Current Index.

11. The Adjustable Rate Note further provided that the interest rate on any future change date throughout the term of the Note will not be greater than 12.625% nor less than 2.250%.

12. The Adjustable Rate Note was signed by the plaintiffs' attorney-in-fact, Laurich, Deeb & Wiseman, P.A., on August 12, 2005. On August 19, 2005, the real estate documents, including the Adjustable Rate Note were mailed by the plaintiffs' attorney-in-fact to the plaintiffs' address in Lewisburg, West Virginia. The accompanying correspondence documents stated unequivocally that, "this matter is now closed" (See August 19, 2005 correspondence, Exhibit D).

13. On or about September 19, 2005 the attorney-in-fact, acting on behalf of the plaintiffs, again sent the same Adjustable Rate Note by facsimile transmission to the plaintiffs at their Lewisburg, West Virginia, address (See September 19, 2005 correspondence, Exhibit E). While the accompanying correspondence makes reference to a "new original note," there is no indication on the cover letter that the original Adjustable Rate Note was being renegotiated or that any terms or conditions of the original Adjustable Rate Note were changed in any manner or form. The Adjustable Rate Note that accompanied the cover facsimile page appears, for all intents and purposes, identical to the original Adjustable Rate Note.

14. Page two of the Adjustable Rate Note is different from the original, however, in two respects. First, Part C, "Calculation of Changes," was altered to reflect an interest rate of 2.750% as opposed to 2.250% in the original document. This constitutes a material change in the terms and conditions of the Adjustable Rate Note insofar as it would increase the calculation of charges by ½ a percentage point. Part D, "Limits on Interest Rates Changes," also changed in that the minimum amount was altered to indicate 6.625% as the minimum monthly interest rate charge as opposed to the original document which provided for 2.250%.

15. Page four of the "new original note," as termed by the defendants, bears the signature of the plaintiffs James J. Rowe and Sharon H. Rowe with signature dates of August 12, 2005, which is approximately one month prior to the original closing. There are no documents indicating that the plaintiffs signed any addendum reflecting their consent to the new original note terms.

16. The alterations of the promissory note were done unilaterally by the defendants and constitute a material change in the terms and conditions of the underlying Adjustable Rate Note by and between the plaintiffs and the defendants. The alterations to the Adjustable Rate Note

constitute material changes to the terms and the conditions of the Adjustable Rate Note and were made without notice to the plaintiffs.

17. On August 12, 2005, the defendant Aurora Commercial Corp., f/k/a Aurora Loan Services, Inc., began accepting payments for the plaintiffs' Adjustable Rate Note (See Exhibit B).

18. On July 15, 2012, Aurora Commercial Corp., f/k/a Aurora Loan Services, Inc., sold or transferred the plaintiffs' mortgage loan and right to collect payments to defendant Nationstar Mortgage, LLC (See Exhibit C).

19. On March 25, 2013 the defendant Nationstar Mortgage, LLC, sent correspondence to the plaintiffs informing them of a rate change in accordance with the terms of their Adjustable Rate Note from 4.625% to 6.625% (See March 25, 2013 correspondence, Exhibit F).

20. On May 15, 2013 the plaintiffs sent a letter to the defendant Nationstar Mortgage, LLC, expressing concerns regarding defendant Nationstar Mortgage, LLC's calculations of interest since 2010 and requesting an audit and recalculation of the correct interest rate. In so doing, the plaintiffs' letter constitutes a rescind (See May 15, 2013 correspondence, Exhibit G).

21. On June 17, 2013 the defendant Nationstar Mortgage, LLC, sent correspondence to the plaintiffs which served as a formal notice of default. The defendant Nationstar Mortgage, LLC, further informed the plaintiffs that they must pay the full amount of the default on the loan by July 22, 2013 (See June 17, 2013 correspondence, Exhibit H).

22. On June 24, 2013, after sending the plaintiffs a formal notice of default, defendant Nationstar Mortgage, LLC, sent correspondence to the plaintiffs explaining their methodology for calculating interest rates on the plaintiffs' Adjustable Rate Note and denying the request for

an audit, recalculation and/or revision of the Adjustable Rate Note (See June 24, 2013 correspondence, Exhibit I). Notably, the defendants' rationale for the calculation change references that a minimum change rate "is not to drop below 6.625%," which contradicts the minimum change rate of 2.250% as reflected in the original Adjustable Rate Note documents signed by and agreed to by the plaintiffs.

**COUNT I**
**TRUTH IN LENDING ACT**

23. The plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 22 of this Complaint as if set forth herein verbatim.

24. The Truth in Lending Act, ("TILA"), requires lenders who regularly extend consumer credit for which a finance charge is imposed to disclose certain key loan terms, such as the annual percentage rate, finance charge, amount financed and payment schedule, prior to the consummation of a consumer credit transaction.

25. When the defendants made the mortgage loan to the plaintiffs, defendants regularly extended consumer credit for which a finance charge was imposed and the loan was for personal, family or household purposes.

26. The TILA allows consumers to rescind a loan transaction where certain "material disclosures" are not given as required under the Act and its implementing regulations.

27. "Material disclosures" include the disclosure of the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total of payments, the number and amount of the consumer's payments, and the due dates or periods of payments scheduled to repay the indebtedness.

28. To be effective, "material disclosures" must be provided to the consumer "clearly

and conspicuously." Because the material disclosures were not given in conformity with TILA or Regulation Z, the plaintiffs' have a continuing right to rescind the transaction for up to three years unless the property has been earlier sold or transferred.

29. As a result of the defendants' failure to provide accurate disclosures of material terms and conditions of the Adjustable Rate Note, the plaintiffs have a continuing right to rescind the mortgage loan as provided under 15 U.S.C. § 1635(f) because, among other things, defendants Aurora Commercial Corp., f/k/a Aurora Loan Services, Inc., and Nationstar Mortgage, LLC or their subsidiaries, affiliates or agents:

a. Failed to clearly, accurately, and conspicuously disclose the "amount financed," using that term, in violation of Regulation Z, pt. 226.18(b) and 15 U.S.C. § 1638(a)(2)(A).

b. Failed to clearly, accurately, and conspicuously disclose the "finance charge," using that term, in violation of Regulation Z, pt. 226.4 and 226.18(d) and 15 U.S.C. §1638(a)(3).

c. Failed to clearly, accurately, and conspicuously disclose the "annual percentage rate," using that term, in violation of Regulation Z § 226.18(e) and 15 U.S.C. §1638(a)(4).

d. Failed to clearly, accurately, and conspicuously disclose the method of determining the finance charge and/or Index, which constitutes a "material disclosure" that was not provided as required by Regulation Z, pt. 226(a)(3).

30. On May 15, 2013, the plaintiffs effectively rescinded their mortgage loan as against Nationstar Mortgage, LLC, by sending a notice of their rescission as provided under Regulation Z, pt. 226.23(a)(2).

31. Under TILA, a consumer is entitled to rescind a mortgage loan as against an assignee of the original lender. 15 U.S.C. § 1641(c).

32. Upon rescission, a consumer is not liable for any finance or other charge under the mortgage loan and any security interest given by the consumer is void. 15 U.S.C. §1635(b); Regulation Z, pt. 226.23(d).

33. Within 20 days of receiving the consumer's notice of rescission, the lender must return to the consumer any money that has been given to anyone in connection with the mortgage loan and must take any action necessary or appropriate to reflect the termination of the security interest taken in connection with the transaction. 15 U.S.C. § 1635(b); Regulation Z, pt. 226.23(d).

34. On May 15, 2013, the plaintiffs directly rescinded their mortgage loan as against the defendants as provided under Regulation Z, pt. 226.23(a)(2).

35. As a result of the plaintiffs' exercise of their right to rescind the transaction: the mortgage is void; the plaintiffs are not liable for any finance or other charge; defendants must return all payments made under the loan; and defendants must release the mortgage of record as provided under 15 U.S.C. § 1635(b) and Regulation Z, pt. 226.23(d).

36. The defendants have failed to return to the plaintiffs any money or property given by the plaintiffs to anyone, including the defendants, as required by 15 U.S.C. §1635(b) and Regulation Z, pt. 226.23(d)(2).

37. As a result of the aforesaid violations of the Act and Regulation Z, pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), defendants are liable to the plaintiffs for:

a. enforcement of their rescission rights, including: a declaration that the security interest in their home created under the transaction is void and that he is not liable for any finance or other charges imposed in connection with the mortgage loan transaction; an order requiring defendants to reflect the termination of the mortgage of record; and an order requiring

defendants to return any money or property given by the plaintiffs to anyone, including defendants, in connection with the transaction;

b. statutory damages allowed by law as a result of the failure by defendants to effectuate the plaintiffs' rescission as required under 15 U.S.C. § 1635(b) and Regulation Z, pt. 226.23(d);

c. actual damages in an amount to be determined at trial;

d. costs of this action, including reasonable attorney fees as provided under 15 U.S.C. § 1640(a)(3); and

e. such other and further relief as this Court deems appropriate.

**COUNT II**
**BREACH OF CONTRACT**

38. The plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 37 of this Complaint as if set forth herein verbatim.

39. The plaintiffs are borrowers under the terms of the Deed of Trust and the Adjustable Rate Note secured by the Deed of Trust.

40. The defendants, by and through their conduct as described herein, have breached the terms of the Deed of Trust and Adjustable Rate Note by enforcing terms that were not bargained for and/or agreed upon by the plaintiffs and which are otherwise unlawful.

41. To the extent that the defendants intend to enforce the terms and conditions of the Adjustable Rate Note that were not fully or timely disclosed to the plaintiffs, the defendants have breached their duty of good faith such that any contract by and between the defendants is voidable at the election of the plaintiffs.

WHEREFORE, as a result of the aforesaid conduct, the plaintiffs are entitled to the following relief:

a. a declaration that the defendants have breached the Adjustable Rate Note as alleged;

b. actual damages in an amount to be determined at trial;

c. costs of this action, including reasonable attorney fees; and

d. such other and further relief as this Court deems appropriate.

**COUNT III**
**UNCONSCIONABLE CONTRACT AND VIOLATION OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT**
**(W.Va. Code § 46A-1-*et seq*.)**

42. The plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 41 of this Complaint as if set forth herein verbatim.

43. The defendants have made representations to add terms and conditions that simply are not reflected in the original Adjustable Rate Note.

44. The terms and conditions referred to by the defendants in their endeavor to enforce provisions that were not disclosed and arise out of a deceitful and unconscionable attempt to change the terms and conditions of the original Adjustable Rate Note. Specifically, as recently as June 24, 2013, the defendants contended that the minimum annual rate of interest "is not to drop below 6.625%" and such conduct is deceptive and/or misleading representations in violation of West Virginia law.

45. The defendants' endeavor to enforce unauthorized fees and charges constitutes unreasonable, oppressive and/or abusive conduct toward the plaintiffs in violation of West Virginia law.

46. The defendants' conduct constitutes engaging in conduct which creates the likelihood of confusion or misunderstanding. This is an unfair or deceptive act or practice as defined by the West Virginia Consumer Credit and Protection Act.

47. The defendants' conduct constitutes omitting material information in the extension of credit. This is an unfair or deceptive act or practice as defined by the West Virginia Consumer Credit and Protection Act.

48. The defendants' conduct constitutes enforcing unconscionable terms or provision of a consumer loan within the meaning of the West Virginia Consumer and Credit Protection Act.

49. The making or collecting of charges in excess of those permitted by the Act is unlawful under West Virginia law.

50. A charge that is not permitted by the Act is an excess charge under West Virginia law.

51. Charges that are made or collected in connection with violations of the Act are excess charges.

52. Charges that the defendants made or collected for the payment of membership fees, late fees, over-the-limit fees, and products are unlawful under the Act; therefore, they are excess charges.

53. The defendants have engaged in a course of repeated and willful violations of the Act as set forth herein justifying the assessment of a civil penalties for each violation of the Act as authorized by West Virginia law, and injunctive relief and other equitable relief as authorized by West Virginia law.

WHEREFORE, as a result of the aforesaid violations, the plaintiffs are entitled to the following relief:

a. a declaration that plaintiffs' loan was induced by unconscionable conduct and/or contained unconscionable terms, and thus unenforceable;

b actual damages in an amount paid plus the amount claimed due under the loan and incidental and consequential damages;

c. appropriate civil penalties and reasonable attorney fees and the cost of this litigation; and

d. such other and further relief as this Court deems appropriate.

**COUNT IV**
**FRAUD**

54. The plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 53 of this Complaint as if set forth herein verbatim.

55. The defendants' attempt to enforce terms and conditions that were not originally agreed upon in the Adjustable Rate Note were undertaken intentionally in an endeavor to misrepresent material terms and conditions of the Adjustable Rate Note and a further attempt to mislead the plaintiffs so as to induce the plaintiffs to surrender their legal rights and/or property.

56. The misrepresentations alleged herein were material to the terms and conditions of the Adjustable Rate Note and false. As a result of the material misrepresentations made by the defendants, the plaintiffs have incurred damage in the calculation and payment of the Adjustable Rate Note which is the subject of this litigation.

57. The defendants' endeavor to enforce unauthorized terms, conditions, fees and charges created the likelihood of confusion and/or misunderstanding and constitutes both actual fraud and constructive fraud.

58. The defendants' conduct was intentional and created the likelihood of confusion and/or misunderstanding.

WHEREFORE, as a result of the aforesaid violations, the plaintiffs are entitled to the following relief:

a. actual and punitive damages in an amount to be determined at trial;

b. costs of this actions and reasonable attorney fees; and

c. such other and further relief as this Court deems appropriate.

**COUNT V**
**INJUNCTIVE RELIEF**

59. The plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 58 of this Complaint as if set forth herein verbatim.

60. That plaintiffs seek permanent injunctive relief to enjoin and restrain defendants from seeking any remedies allowed on the Deed of Trust against the real estate insofar as it relates to unlawful "terms and conditions" not contained in the Adjustable Rate Note.

61. That payments made to defendants in payment of the subject Adjustable Rate Note are made by West Virginia residents from a bank account located in West Virginia and the effects of defendants' wrongful conduct as alleged herein are within this Court's jurisdiction to remedy.

62. That the subject Adjustable Rate Note is secured by real estate located in the State of South Carolina and defendants' right of foreclosure, if not enjoined, will permit them to take from plaintiffs their real estate by outright fraudulent conduct insofar as the defendants have unilaterally changed the material terms of the Adjustable Rate Note.

63. That all real estate, including the real estate located at 15 Governors Road, Hilton Head Island, Beaufort County, South Carolina, is unique and represents a one of a kind property that is in and of itself irreplaceable.

64. That the plaintiffs will suffer irreparable injury, loss and damage because the subject real estate is unique and irreplaceable if defendants are not enjoined or restrained from

seeking any remedies allowed on the Deed of Trust against the real estate insofar as it relates to unlawful terms and conditions not contained in the Adjustable Rate Note.

65. That additionally, the plaintiffs are entitled to a permanent injunction enjoining and restraining defendants from seeking any remedies allowed on the Deed of Trust against the real estate insofar as it relates to unlawful terms and conditions not contained in the Adjustable Rate Note for the subject property, in that:

a. plaintiffs have suffered an irreparable injury;

b. the remedies available at law, such as monetary damages, are inadequate to compensate for that injury;

c. that, considering the balance of hardships between the plaintiffs and the defendants, a remedy in equity is warranted; and

d. that the public interest would not be disserved by a permanent injunction.

WHEREFORE, these plaintiffs move this Court for a permanent injunction enjoining and restraining defendants from seeking any remedies allowed on the Deed of Trust against the real estate insofar as it relates to unlawful terms and conditions contained in the Adjustable Rate Note on the subject real estate.

PLAINTIFFS DEMAND A TRIAL BY JURY.

JAMES J. ROWE and
SHARON H. ROWE,
By counsel

Dated : 08/01/2013

/s/ L. Lee Javins. II

L. Lee Javins, II (WVSB # 6613)
Guy R. Bucci (WVSB # 0521)
Mark A. Barney (WVSB # 10282)
Bucci Bailey & Javins, LC
213 Hale Street
PO Box 3712

Charleston, WV 25337
TELEPHONE (304) 345-0346
FAX (304) 345-0375
ljavins@bbjlc.com
gbucci@bbjlc.com
mbarney@bbjlc.com