IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

JAMES J. ROWE and
SHARON H. ROWE

        Plaintiffs,

                                              Case No.: 5:13-cv-21369

v.                                            Judge Faber

CITIBANK N.A. as the
Trustee for LEHAM XS TRUST MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES
2005-6,

        Defendant.

## SECOND AMENDED COMPLAINT

For their Complaint against the defendant, the plaintiffs, James J. Rowe and Sharon H. Rowe, allege and state as follows:

1. This action is brought in response defendant and/or its agent seeking to collect an unlawful debt arising out of a breach of contract by defendant Citibank N.A. as the Trustee of Lehman XS Trust Mortgage Pass-Through Certificates, Series 2005-6. Specifically, Aurora Commercial Corp., f/k/a Aurora Loan Services, Inc., and Nationstar Mortgage, LLC, as servicers of a loan note entered into by plaintiffs for the purchase of property, attempted to enforce interest terms that were contrary to the mortgage note agreed to by the parties.

2. On August 1, 2013, this action was instituted against two loan servicers, Aurora Commercial Corp., f/k/a Aurora Loan Services, Inc., and Nationstar Mortgage, LLC, alleging violations of the Truth in Lending Act, breach of contract, violations of the West Virginia

Consumer Credit and Protection Act, and fraud. Plaintiffs thereafter filed an amended complaint to add a claim for usury. The original creditor, TM Capital, Inc., and the current owner of plaintiffs' obligation, Citibank, M.A. as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2005-6 ("Citibank"), were not named as defendants in this action. On November 5, 2013, Aurora Commercial Corp., f/k/a Aurora Loan Services, Inc., and Nationstar Mortgage, LLC, filed a motion to dismiss seeking to have all of plaintiffs' claims dismissed, in part, for failure to state a claim. On January 17, 2014, plaintiffs moved for leave to amend their complaint to add Citibank and to otherwise replead certain matters to the extent that the Court found merit in defendants' motion to dismiss. On August 1, 2014, the Court granted the motion to dismiss and granted plaintiffs leave to amend their complaint to add a breach of contract action against the current owner of their obligation, Citibank. It is from this procedural posture that the instant Second Amended Complaint is filed.

## PARTIES

3. The plaintiffs, James J. Rowe and Sharon H. Rowe, reside in the town of Lewisburg, Greenbrier County, West Virginia.

4. The defendant Citibank N.A. as the Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2005-6 ("Citibank") is a mortgage-backed security registered with the United States Securities and Exchange Commission, and registered in the State of Delaware. The address of the principle executive office of its depositor is 745 Seventh Avenue, 7th Floor, New York, New York, 10019. The trustee of said security is Citibank N.A. whose address is 388 Greenwich Street, 14th Floor, New York, New York 10013. At the time of the complained of breach of contract, defendant Citibank was the owner of the subject mortgage note and had a duty to comply with all terms of the note.

**JURISDICTION AND VENUE**

5.  The jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. § 1332 inasmuch as there is diversity between the plaintiffs and defendant and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6.  This Court has supplemental jurisdiction over the plaintiffs' state law claim pursuant to 28 U.S.C. § 1367.

**FACTS**

7.  On or about August 12, 2005, the plaintiffs purchased real property located at 15 Governors Road in Hilton Head Island, Beaufort County, South Carolina.

8.  To finance the purchase, the plaintiffs entered into an Adjustable Rate Note with TM Capital, Inc. (See Exhibit A).  Defendant Citibank is presently the owner of said note and, as such, stands in the place of the original owner and is bound by the terms of the contract.

9.  At all times relevant hereto, Aurora Commercial Corp., f/k/a Aurora Loan Services, Inc., and Nationstar Mortgage, LLC, as servicers of the note, were agents of the defendant acting within the course and scope of their agency relationship and under the direction and/or control of the defendant.

10.  The relevant terms of the Adjustable Rate Note provided that TM Capital, Inc., would lend the plaintiffs the sum of $626,250.00 toward the purchase of the home.  The Adjustable Rate Note further provided that the plaintiffs would make monthly payments in the amount of $3,457.42 over the first five years of the 30 year promissory note.  According to the loan documents, the initial payment reflects a 6.625% annual rate of interest.

11.  The Adjustable Rate Note further provided that beginning in September of 2010 and every six months thereafter, the interest rate could change subject to the LIBOR 6 month

index (as published by the Wall Street Journal also referred to throughout the Adjustable Rate Note as the "Current Index"). The Adjustable Rate Note further provided that "before each Change Date, the Note Holder will calculate" the interest rate by adding 2.25 percentage points to the Current Index.

12. The Adjustable Rate Note further provided that the interest rate on any future change date throughout the term of the Note will not be greater than 12.625% nor less than 2.250%.

13. The Adjustable Rate Note was signed by the plaintiffs' attorney-in-fact, Laurich, Deeb & Wiseman, P.A., on August 12, 2005. On August 19, 2005, the real estate documents, including the Adjustable Rate Note were mailed by the plaintiffs' attorney-in-fact to the plaintiffs' address in Lewisburg, West Virginia. The accompanying correspondence documents stated unequivocally that "this matter is now closed." (See August 19, 2005 correspondence, Exhibit D).

14. On or about September 19, 2005, plaintiffs received a second copy of the Adjustable Rate Note. (See September 19, 2005 correspondence, Exhibit E).

15. However, page two of the Adjustable Rate Note received on or about September 15, 2005, is different from the original agreed-upon note in two respects. First, Part C, "Calculation of Changes," was altered to reflect an interest rate of 2.750% as opposed to 2.250% in the original document. This constitutes a material change in the terms and conditions of the Adjustable Rate Note insofar as it would increase the calculation of charges by ½ a percentage point. Part D, "Limits on Interest Rates Changes," also changed in that the minimum amount was altered to indicate 6.625% as the minimum monthly interest rate charge as opposed to the original document which provided for 2.250%.

4

16. Page four of the "new original note," as termed by the defendant and/or its agents, bears the signature of the plaintiffs James J. Rowe and Sharon H. Rowe with signature dates of August 12, 2005, which is approximately one month prior to the original closing and the consummation of the original contract. There are no documents indicating that the plaintiffs signed any addendum reflecting their consent to the new original note terms.

17. The alterations of the note were done unilaterally by the defendant and/or its agents and constitute a material change in the terms and conditions of the underlying Adjustable Rate Note by and between the plaintiffs and the defendant. The alterations were made without agreement by the plaintiffs and without bargained-for consideration.

18. On August 12, 2005, Aurora Commercial Corp., f/k/a Aurora Loan Services, Inc., began accepting payments for the plaintiffs' Adjustable Rate Note. (See Exhibit B).

19. On July 15, 2012, Aurora Commercial Corp., f/k/a Aurora Loan Services, Inc., sold or transferred the servicing rights and/or right to collect payments to Nationstar Mortgage, LLC. (See Exhibit C).

20. On March 25, 2013, Nationstar Mortgage, LLC, sent correspondence to the plaintiffs informing them of a rate change in accordance with the terms of their Adjustable Rate Note from 4.625% to 6.625%. (See March 25, 2013 correspondence, Exhibit F).

21. On May 15, 2013, the plaintiffs sent a letter to Nationstar Mortgage, LLC, expressing concerns regarding Nationstar Mortgage, LLC's calculations of interest since 2010 and requesting an audit and recalculation of the correct interest rate in a manner consistent with the agreed upon rate. (See May 15, 2013 correspondence, Exhibit G).

22. On June 17, 2013, Nationstar Mortgage, LLC, sent correspondence to the plaintiffs which served as a formal notice of default. Nationstar Mortgage, LLC, further

informed the plaintiffs that they must pay the full amount of the default on the loan by July 22, 2013. (See June 17, 2013 correspondence, Exhibit H).

23. On June 24, 2013, after sending the plaintiffs a formal notice of default, Nationstar Mortgage, LLC, sent correspondence to the plaintiffs explaining their methodology for calculating interest rates on the plaintiffs' Adjustable Rate Note and denying the request for an audit, recalculation and/or revision of the Adjustable Rate Note. (See June 24, 2013 correspondence, Exhibit I). Notably, the defendant's rationale for the calculation change references that a minimum change rate "is not to drop below 6.625%," which contradicts the minimum change rate of 2.250% as reflected in the original Adjustable Rate Note documents signed by and agreed to by the plaintiffs.

## COUNT I
## BREACH OF CONTRACT

24. The plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 23 of this Complaint as if set forth herein verbatim.

25. A contract existed between plaintiffs and defendant Citibank regarding the sale of a residence located at 15 Governers Road in Hilton Head Island, Beaufort, South Carolina, in that the plaintiffs are borrowers under the terms of the Deed of Trust and the Adjustable Rate Note secured by the Deed of Trust. Defendant is the present owner of the subject note.

26. All conditions precedent have been performed by the plaintiffs or have occurred for performance under the contract.

27. The defendant Citibank, by and through its conduct and/or the conduct of its agents as described herein, have breached material terms of the Deed of Trust and Adjustable Rate Note by enforcing interest terms that were not bargained for or agreed upon by the plaintiffs. Defendant failed to comply with interest terms agreed upon by the parties.

28. To the extent that the defendant enforced the terms and conditions of the Adjustable Rate Note that were not agreed to by the plaintiffs, the defendant breached its duty of good faith and fair dealing. Defendant breached the contract agreed upon by the parties.

29. The interest terms the defendant breached were material to the terms and conditions of the Adjustable Rate Note. As a direct and proximate result of the defendant's breach, the plaintiffs have incurred damage in the calculation and payment of the Adjustable Rate Note and other consequential damages.

WHEREFORE, as a result of the aforesaid conduct, the plaintiffs are entitled to the following relief:

a. a declaration that the defendants have breached the Adjustable Rate Note as alleged;

b. actual and consequential damages in an amount to be determined at trial;

c. costs of this action, including reasonable attorney fees; and

d. such other and further relief as this Court deems appropriate.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

                    JAMES J. ROWE and
                    SHARON H. ROWE,
                    By counsel

/s/ L. Lee Javins. II
L. Lee Javins, II (WVSB # 6613)
Guy R. Bucci (WVSB # 0521)
Mark A. Barney (WVSB # 10282)
Bucci Bailey & Javins, LC
213 Hale Street
PO Box 3712
Charleston, WV 25337
TELEPHONE (304) 345-0346

FAX (304) 345-0375
ljavins@bbjlc.com
gbucci@bbjlc.com
mbarney@bbjlc.com