**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Beckley Division**

**JAMES J. ROWE and
SHARON H. ROWE,**

       *Plaintiffs,*

    **v.**                                **Civil Action No. 5:13-cv-21369**

**CITIBANK N.A. as the trustee for
LEHMAN XS TRUST MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES 2005-6,**

       *Defendant.*

## ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant Citibank N.A., as the trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2005-6 ("Defendant"), by counsel, submits the following Answer to Plaintiffs James J. Rowe and Sharon H. Rowe's (collectively, "Plaintiffs") Second Amended Complaint ("Complaint").

1.     Defendant admits the allegations set forth in paragraph 1 of the Complaint that Plaintiffs purport to bring this action as a breach of contract action.  Any remaining allegations set forth in paragraph 1 of the Complaint are denied.

2.     There are no allegations set forth in paragraph 2 of the Complaint, but rather, a restatement of the procedural history of the above-captioned lawsuit.  The procedural history of the lawsuit speaks for itself; therefore, no response is required.  To the extent there are any allegations asserted against Defendant, the allegations are denied.

### PARTIES

3.     The allegations set forth in paragraph 3 of the Complaint are admitted.

4.      Defendant admits that Lehman XS Trust Mortgage Pass-Through Certificates, Series 2005-6 is a mortgage-backed security registered with the United States Securities and Exchange Commission and that the address of the principal executive office of Structured Asset Securities Corporation, the depositor under the Trust Agreement dated as of October 1, 2005 (the "Trust Agreement"), providing for the issuance of Lehman XS Trust Mortgage Pass-Through Certificates, Series 2005-6, is 745 Seventh Avenue, New York, New York 10019.  Defendant also admits that CitiBank, N.A. is the trustee under the Trust Agreement with an address at 388 Greenwich Street, New York, New York 10013 and that Defendant is the owner of the subject loan.  The remaining allegations are denied.

## JURISDICTION AND VENUE

5.      The allegations set forth in paragraph 5 of the Complaint are legal conclusions to which no response is required; to the extent they are contrary to the law, they are denied.

6.      The allegations set forth in paragraph 6 of the Complaint are legal conclusions to which no response is required; to the extent they are contrary to the law, they are denied.

## FACTS

7.      The allegations set forth in paragraph 7 of the Complaint are admitted.

8.      The allegations set forth in paragraph 8 of the Complaint are denied.

9.      The allegations set forth in paragraph 9 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, and the allegations are contrary to law, the allegations are denied.

10.     The allegations set forth in paragraph 10 of the Complaint are admitted.

11.     Defendant admits the allegations set forth in paragraph 11 of the Complaint to the extent that they refer to an Adjustable Rate Note attached as Exhibit A to Plaintiffs' original

Complaint (ECF 1).  Defendant denies the allegations set forth in paragraph 11 of the Complaint to the extent that they refer to an Adjustable Rate Note attached as Exhibit E to Plaintiffs' original Complaint.

12.     Defendant admits the allegations set forth in paragraph 12 of the Complaint to the extent that they refer to an Adjustable Rate Note attached as Exhibit A to Plaintiffs' original Complaint (ECF 1).  Defendant denies the allegations set forth in paragraph 12 of the Complaint to the extent that they refer to an Adjustable Rate Note attached as Exhibit E to Plaintiffs' original Complaint.

13.     The allegations set forth in paragraph 13 that the Adjustable Rate Note was signed by Plaintiffs' attorney-in-fact Laurich, Deeb & Wiseman, P.C. are admitted.  The remaining allegations refer to documents, which speak for themselves, therefore no response is required. To the extent a response is required, and the allegations vary from those documents, the allegations are denied.

14.     Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 14 of the Complaint, therefore the allegations are denied.

15.     The allegations set forth in paragraph 15 of the Complaint refer to documents, which speak for themselves, or, are conclusions of law, therefore, no response is required.  To the extent a response is required, and the allegations vary from the documents, or, are contrary to law, the allegations are denied.

16.     The allegations set forth in paragraph 16 of the Complaint are denied.

17.     The allegations set forth in paragraph 17 of the Complaint are denied.

18.     The allegations set forth in paragraph 18 of the Complaint are denied as stated. By way of further response, Defendant admits that servicing was transferred from TM Capital, Inc. to Aurora Loan Services effective October 1, 2005.

19.     The allegations set forth in paragraph 19 of the Complaint are denied as stated. By way of further response, Defendant admits that servicing was transferred to Nationstar Mortgage effective July 1, 2012.

20.     The allegations set forth in paragraph 20 of the Complaint are admitted.

21.     The allegations set forth in paragraph 21 of the Complaint are admitted.

22.     The allegations set forth in paragraph 22 of the Complaint are admitted.

23.     Defendant admits the allegation set forth in paragraph 23 of the Complaint that Nationstar sent a letter to Plaintiffs on June 24, 2013, which was responsive to Plaintiffs' May 15, 2013 letter.  The remaining allegations set forth in paragraph 23 of the Complaint are denied as stated.

## COUNT I – BREACH OF CONTRACT

24.     Defendant hereby incorporates and reasserts the foregoing responses to Plaintiffs' allegations as if fully stated herein.

25.     The allegations set forth in paragraph 25 of the Complaint are denied as stated. By way of further response, Defendant admits that it currently owns the subject note, which Plaintiffs entered into with TM Capital, Inc. for the purchase of the Property located as 15 Governors Road in Hilton Head Island, South Carolina.

26.     The allegations set forth in paragraph 26 are legal conclusions to which no response is required; to the extent they are contrary to the law, they are denied.

27.     The allegations set forth in paragraph 27 of the Complaint are denied.

4

28.     The allegations set forth in paragraph 28 of the Complaint are denied.

29.     The allegations set forth in paragraph 29 of the Complaint, including the "WHEREFORE" paragraphs immediately following paragraph 29 of the Complaint, are denied.

30.     Defendant denies that it is liable to Plaintiffs in any manner whatsoever for the requests for relief contained in Plaintiffs' Second Amended Complaint.

31.     Defendant denies that it is liable to Plaintiffs in any amount whatsoever under any theory whatsoever.

32.     All allegations not specifically admitted herein are denied.

33.     Defendant reserves the right to rely upon any and all defenses as may become known through discovery or at trial.

<u>**AFFIRMATIVE DEFENSES**</u>

Defendant asserts the following separate defenses without assuming the burden of proof that otherwise would rest with Plaintiffs:

1.     The Complaint fails to state a plausible claim for which relief can be granted and should be dismissed pursuant to Rule 12.

2.     Plaintiffs' claims have been waived and/or Plaintiffs are estopped in whole or in part, by the loan documentation executed by the Plaintiffs, or their Attorney in Fact.

3.     Defendant acted in good faith and without malice or intent to injure Plaintiffs in its conduct regarding Plaintiffs' Loan.

4.     Defendant acted reasonably and prudently under the circumstances.

5.     Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have not suffered any actual damages or other injury.

6.     Defendant denies that Plaintiffs sustained any damages and deny that it proximately caused any of the damages claimed by Plaintiffs.

7.     Plaintiffs' alleged damages were caused by factors and conduct other than and unrelated to any conduct of Defendant, including but not limited to the conduct of other entities over which Defendant had no control.

8.     Plaintiffs cannot recover from Defendant to the extent that any damages that Plaintiffs may have suffered, which Defendant continues to deny, directly and proximately resulted from Plaintiffs' acts and/or omissions.

9.     Plaintiffs' recovery is barred or limited, in whole or in part, under the principles of set-off and/or recoupment for damages.

10.     Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have not suffered any proximately caused damages or other injury as a result of Defendant's conduct.

11.     Plaintiffs' claims are barred by the terms of the relevant contract(s).

12.     Defendant reserves the right to assert additional defenses (affirmative and otherwise) as this action progresses, and reserves the right to rely upon any and all defenses (affirmative and otherwise) as may become known through discovery or at trial.

WHEREFORE, Defendant Citibank N.A., as the trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2005-6, by counsel, respectfully requests that the Court dismiss all of the Plaintiffs' claims against it, with prejudice, enter judgment in favor of Defendant, award Defendant its costs and attorneys' fees expended herein, and award Defendant such other and further relief as the Court may deem just and appropriate.

Dated: October 20, 2014                          Respectfully submitted,

                                                 CITIBANK N.A. as the trustee for
                                                 LEHMAN XS TRUST MORTGAGE PASS-
                                                 THROUGH CERTIFICATES, SERIES 2005-6


                                                 By:   /s/ Jason E. Manning


John C. Lynch (W. Va. Bar No. 6627)
Jason E. Manning (W. Va. Bar No. 11277)
Counsel for Defendant
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA  23462
Telephone:  (757) 687-7564
Facsimile:  (757) 687-1524
E-mail: john.lynch@troutmansanders.com
E-mail: jason.manning@troutmansanders.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Beckley Division**

**JAMES J. ROWE and
SHARON H. ROWE,**

   *Plaintiffs,*

  **v.**              **Civil Action No. 5:13-cv-21369**

**CITIBANK N.A. as the trustee for
LEHMAN XS TRUST MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES 2005-6,**

   *Defendant.*

## CERTIFICATE OF SERVICE

   I hereby certify that on the 20th day of October, 2014, I electronically filed the foregoing Answer to Plaintiffs' Second Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

### Counsel for Plaintiffs

L. Lee Javins, II, Esq. (ljavins@bbjlc.com)
Guy R. Bucci, Esq. (kpaxton@bbjlc.com)
Mark A. Barney, Esq. (mbarney@bbjlc.com)
Bucci, Bailey & Javins, L.C.
213 Hale Street
P.O. Box 3712
Charleston, WV 25337

       /s/ Jason E. Manning
       Jason E. Manning (W. Va. Bar No. 11277)
       TROUTMAN SANDERS LLP
       222 Central Park Avenue, Suite 2000
       Virginia Beach, VA  23462
       Telephone:  (757) 687-7564
       Facsimile:  (757) 687-1524
       E-mail: jason.manning@troutmansanders.com

23664968v1