```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                          AT BECKLEY
```

JAMES J. ROWE and
SHARON H. ROWE,

    Plaintiffs,

v.                                        Civil Action No. 5:13-21369

CITIBANK N.A. as the Trustee
for LEHAM XS MORTGAGE PASS-THRU
CERTIFICATES, SERIES 2005-06,

    Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's motion to stay discovery pending resolution of its motion for judgment on the pleadings. (Doc. No. 71).  For reasons more fully explained below, the motion is **GRANTED**.

### I.   Factual and Procedural Background

This dispute arises out of a 2005 mortgage loan that plaintiffs secured to finance the purchase of a home in South Carolina.  As is the case with most home purchases, plaintiffs and their lender signed a number of documents to complete the transaction.[1]  Included in these signed documents were two separate adjustable-rate notes:  "Note I," which provided for an interest rate floor of 2.25%, and "Note II," which provided for

---

[1] The original holder of plaintiffs' mortgage was TM Capital.  In the years following, defendant purchased the mortgage with its attendant rights and obligations.

1

an interest rate floor of 6.625%. Plaintiffs argue that Note I is the operative document and that defendant overcharged their interest rate for a number of years. Conversely, defendant contends that Note II controls and that it has properly calculated and charged plaintiffs' interest rate. And in support of their position, defendant filed a motion for judgment on the pleadings, arguing that the mortgage documents signed by the parties demonstrate that plaintiffs do not have a legal claim. (Doc. No. 59).

On March 4, 2015, defendant filed the instant motion, arguing for a brief stay of discovery pending the court's ruling on its motion for judgment on the pleadings. (Doc. No. 71). Defendant argues that the court's ruling may dispose of all of plaintiffs' claims and a brief stay of discovery will avoid an unnecessary waste of resources, but will not prejudice plaintiffs. (Doc. No. 71). Plaintiffs oppose defendant's motion, arguing that they will be prejudiced by a stay of discovery and that compliance with the current discovery deadlines will not burden defendant. (Doc. No. 74).

## II. Discussion

Federal Rule of Civil Procedure 26(c) vests the court with discretion to stay discovery pending resolution of a dispositive motion. See Thigpen v. United States, 800 F.2d 393, 396-97 (4th Cir. 1986) ("Nor did the court err by granting the government's

motion to stay discovery pending disposition of the 12(b)(1) motion."); see also Sheehan v. United States, Civil Action No. 5:11CV170, 2012 WL 1142709, at *1 (N.D.W. Va. Apr. 4, 2012) ("It is well-settled that '[a] protective order under Rule 26(c) to stay discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion.'") (quoting Tilley v. United States, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003)). Such a stay allows the court "to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." United States v. Daily Gazette Co. et al., Civil Action No. 2:07-0329, 2007 WL 7575700, at *2 (S.D.W. Va. Oct. 18, 2007) (internal citation and quotation marks omitted).

Courts can consider a number of factors to determine whether a stay of discovery is appropriate.

> In considering whether a stay of all discovery pending the outcome of a dispositive motion is warranted, a case-by-case analysis is required, since such an inquiry is necessarily fact-specific and depends on the particular circumstances and posture of each case. To assist in this determination, the Court is guided by the following factors, none of which is singly dispositive: the type of motion and whether it is a challenge as a "matter of law" or to the "sufficiency" of the allegations; the nature and complexity of the action; whether counterclaims and/or cross-claims have been interposed; whether some or all of the defendants join in the request for a stay; the posture or stage of the litigation; the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and any other relevant circumstances.

3

Id. (quoting <u>Hatchette Distribution, Inc. v. Hudson Cnty. News Co., Inc.</u>, 136 F.R.D. 356, 358 (E.D.N.Y. 1991)).

Having examined these factors, the court concludes that a stay of discovery pending resolution of defendant's potentially dispositive motion is appropriate. While defendant's motion for judgment on the pleadings tests the sufficiency of plaintiffs' claims, a finding in defendant's favor could completely resolve the case without any need for discovery. Furthermore, defendant represents that it would incur "very real and substantial" litigation expenses associated with responding to plaintiffs' current discovery requests, as plaintiffs have requested financial information and documentation dating back to 2005. (Doc. No. 72 at 5). This extensive request for documents and information favors a brief stay of discovery. Finally, there are no other defendants in this case, nor counterclaims or cross-claims interposed, which also favors a discovery stay.

While plaintiffs argue that they will be prejudiced from a discovery stay, the court does not agree. The current stage of litigation is still fairly early and discovery does not close until September 23, 2015. (Doc. No. 69). As a result, the court cannot conclude that a brief stay of discovery will prevent a speedy determination of this action, which is not set for trial until February 9, 2016. Therefore, having considered

4

these factors, the court finds that a stay of discovery pending resolution of defendant's motion for judgment on the pleadings is appropriate.

### III. Conclusion

Accordingly, it is **ORDERED** that defendant's motion to stay discovery pending resolution of its motion for judgment on the pleadings, (Doc. No. 71), is **GRANTED**. It is further **ORDERED** that discovery in this matter be stayed pending resolution of defendant's motion. (Doc. No. 59). The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED** this 17th day of April, 2015.

Enter:

David A. Faber
Senior United States District Judge